## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02323-LTB-MEH

HCA-HEALTHONE, LLC d/b/a Swedish Medical Center,
ESTATE OF SUSAN LOU SPARKS

    Plaintiffs,

v.

REASSURE AMERICA LIFE INSURANCE COMPANY, an Illinois corporation,
GUARANTEE RESERVE LIFE INSURANCE COMPANY an Indiana corporation,
AIG CLAIM SERVICES, INC., a Delaware corporation, n/k/a AIG Domestics Claims, Inc.,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

A Scheduling Conference is scheduled to take place before the Court on February 19, 2008.

The Plaintiffs are represented by:

Bradley A. Levin
Jeremy A. Sitcoff
Roberts Levin Rosenberg PC
1660 Wynkoop St., Suite 800
Denver, CO 80202
Phone: (303) 575-9390
Fax: (303) 575-9385
bal@robertslevin.com
jas@robertslevin.com

Defendants are represented by:

Jennifer M. Palmer
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO  80290
Phone: (303) 320-0509
Fax:     (303) 320-0210
jpalmer@sgrllc.com

## 2.  STATEMENT OF JURISDICTION

Federal diversity exists over this case because it is a controversy between citizens of different states and the amount in controversy exceeds $75,000 as provided for pursuant to 28 U.S.C. § 1332 and 28 USC § 1441(a).

## 3.  STATEMENT OF CLAIMS AND DEFENSES

*a.* *Plaintiffs*:  On November 8, 2004, Susan Lou Sparks ("Sparks") was driving her vehicle on Highway 149 in Creede, Colorado.  Sparks' vehicle ran off the highway, striking trees and rocks, over a distance of approximately 300 feet. Sparks was severely injured in the accident and was transported via ambulance to Rio Grande Hospital ("Rio Grande") in Del Norte, Colorado.

On or about November 9, 2004, Sparks was transported by air ambulance from Rio Grande to St. Mary-Corwin Hospital ("St. Mary-Corwin") in Pueblo, Colorado, for additional treatment of her injuries sustained in the automobile accident and for further evaluation.  Sparks remained hospitalized at St. Mary-Corwin for approximately two weeks. After being released from St. Mary-Corwin, Sparks returned home but was readmitted to Rio Grande on November 29, 2004, because of severe shortness of breath and severe hypoxemia.

After being readmitted to Rio Grande, several labs and X-rays were ordered for Sparks. Sparks became unstable with multiple low blood pressure readings and was evacuated that same day by air ambulance to Swedish Medical Center ("Swedish") in Englewood, Colorado.  Upon

admission to Swedish, Sparks developed massive hemoptysis. Sparks underwent emergency surgery for her condition and it was determined that the source of the hemoptysis was a rupture of a descending aortic pseudoaneurysm connecting with the left upper lung lobe.

Subsequent investigation revealed that Sparks' pseudoaneursym developed as a result of the November 8, 2004 accident and continued to expand until it eventually ruptured on November 29, 2004. Sparks never fully recovered to the point of being discharged from the care of Swedish and, with the exception of short stays at long-term acute hospitals, she remained a patient at Swedish until her death.

During Sparks' admission at Swedish, she reached the lifetime limit of health insurance benefits provided by her insurer, CoverColorado. Subsequently, Sparks accrued medical expenses at Swedish that CoverColorado did not pay. At the time of her accident, Sparks was insured under an insurance policy issued by Guarantee Reserve Life Insurance Company ("Guarantee Reserve"), Policy No. 40354089, which provided various benefits including, but not limited to, a Lump Sum Hospitalization Benefit of $100,000, and an Excess Major Medical Benefit of $1,000,000. At the time of her accident, Sparks was also insured under an insurance policy issued by Guarantee Reserve, Policy No. 40354090, which provided various benefits, including a Lump Sum Total and Permanent Disability benefit of $250,000.

In conjunction with her admission to Swedish, and as a condition of that that admission, Sparks assigned and transferred to Swedish all rights, title, and interest in benefits payable under applicable insurance policies and health benefit plans for heath care rendered. The medical bills for Sparks' treatment at Swedish between November 29, 2004, and the date of her death, September 18, 2005, that were not covered by any insurance totaled approximately $1,285,165.92. Application was made to the Defendants for the benefits available to under the

Guarantee Reserve policies, including, but not limited to, the Excess Major Medical Benefit and the Lump Sum Hospitalization Benefit. The Defendants, however, have failed and refused to pay any amounts due under the policies on the apparent basis that Sparks' medical expenses at Swedish were purportedly not related to the November 8, 2004 accident.

As a result of Defendants refusal to pay amounts due and owing under the policies insuring Ms. Sparks at the time of her accident, Plaintiffs have incurred damages. In this lawsuit, Plaintiffs have asserted claims for breach of contract and bad faith breach of insurance contract against Defendants.

*b.* *Defendants*: Defendants deny the substantive allegations in Plaintiffs' Amended Complaint. Defendants deny that they breached the insurance contracts and deny that they acted in bad faith. Susan Sparks was an insured under Certificate No. 40354089, under Group Policy No. 9540509 and Certificate No. 40354090, under Group Policy No. 9540509 with Reassure America Life Insurance Company. However, Defendants deny that there is the coverage claimed in this lawsuit. Defendants have asserted the following defenses: (1) failure to state a claim upon which relief may be granted; (2) Plaintiffs are not the real party in interest to some or all of their alleged damages; (3) waiver, estoppel, and or laches; (4) Plaintiffs' claims are barred by their failure to comply with the conditions and terms of the policy; (5) Plaintiff's claims are barred by their own or another's breach of the duty or good faith; (6) Defendants did not breach any duty or obligation owed to Plaintiffs under state or federal law; (7) Plaintiffs' claims under the insurance contract are subject to the terms, conditions, exclusions or other provisions of the insurance contract, including, but not limited to, the provisions for coverage limits, required number of consecutive days in hospital, deductible, maximum benefit, covered medical expense, injury, intoxicated, covered accidents, maximum total benefits, accidental

death benefit, excess major medical, lump sum hospitalization benefit, lump sum total and permanent disability, exclusions § 4 (4) and (b), and claims provisions on notice of claim, evidence prior to claim payment, proof of loss, and legal actions; (8) To the extent that any part of the insurance claim was denied, the denial was reasonable; (9) Defendants, at all times, acted reasonably in their conduct and position regarding the investigation, handling and decisions of the claim; (10) Plaintiffs' injuries and damages, if any, were the result of or caused by the actions of third parties over whom Defendants had no control or right of control; (11) collateral source payments/set off; (12) failure to mitigate; (13) comparative fault; and (14) non-economic damages cap § 13-21-102.5.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

a. HCA-HealthONE, LLC d/b/a Swedish Medical Center is a Colorado limited liability company which does business as Swedish Medical Center.

b. Reassure America Life Insurance Company ("Reassure America") is an Illinois corporation and is licensed to transact business in the State of Colorado.

c. Guarantee Reserve Life Insurance Company ("Guarantee Reserve") is an Indiana corporation and is licensed to transact business in the State of Colorado.

d. Guarantee Reserve merged with and into Reassure America.

e. AIG Claim Services, Inc., n/k/a AIG Domestic Claims, Inc. is a Delaware corporation and is licensed to transact business in the State of Colorado.

f. National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation and is licensed to transact business in the state of Colorado.

g. Susan Lou Sparks was an insured under a Certificate No. 40354089 issued by Guarantee Reserve Life Insurance Company prior to its merger with and into Reassure American Life Insurance Company.

h. Susan Lou Sparks was an insured under Certificate No. 40354090 issued by Guarantee Reserve Life Insurance Company prior to its merger with and into Reassure American Life Insurance Company.

## 5. COMPUTATION OF DAMAGES

Plaintiffs seek recovery of all economic damages and other compensatory and consequential damages resulting from Defendants' conduct totaling approximately $1,224,253.90; attorneys' fees and costs associated with this lawsuit; and all pre- and post-judgment interest permitted by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The parties commenced their Rule 26(f) meeting on December 20, 2007. The parties had an additional meeting concerning matters within the scope of Rule 26(f) on January 31, 2008.

b. Jeremy A. Sitcoff represented the plaintiffs and Jennifer Palmer represented the defendants.

c. The parties do not propose any changes to the requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d. The parties have not yet made their Rule 26(a)(1) disclosures as they have been focusing their efforts on resolution of the claims. The parties will make their disclosures by February 29, 2008.

e. There are no agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.

f. At the present time, the parties agree that this case does not involve electronic discovery issues or a substantial amount of evidence in digital form at trial.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: April 4, 2008

b. Discovery Cut-off: October 17, 2008

c. Dispositive Motion Deadline: November 17, 2008

d. Expert Witness Disclosure

*(1) State anticipated fields of expert testimony, if any.* The parties anticipate calling experts in the fields of insurance claim handling, insurance standards and bad faith, as well as medical experts related to Ms. Sparks' condition.

*(2) State any limitations proposed on the use or number of expert witnesses.* The parties agree to be limited to five (5) expert witnesses.

*(3)* The parties shall designate all experts and provide opposing counsel and

any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 18, 2008.

   *(4)* The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 17, 2008.

  e. Deposition Schedule:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
| --- | --- | --- | --- |
| Representative of Reassure America | TBD | TBD | TBD |
| Representative of Guarantee Reserve | TBD | TBD | TBD |
| Representative of AIG | TBD | TBD | TBD |
| Representative of Healthone/Swedish | TBD | TBD | TBD |
| Records depositions as to medical records, if needed | TBD | TBD | TBD |
| Wirtaine Sparks | TBD | TBD | TBD |
| Dr. Wolfe | TBD | TBD | TBD |
| Expert depositions after endorsements | | | |

  f. Interrogatory Schedule - Each side may serve Interrogatories in one or more sets, up to the maximum number permitted by Fed. R. Civ. P. 26 and 33, no later than thirty-three (33) days before the discovery deadline.

  g. Schedule for Request for Production of Documents/Requests for Admissions - Each side may serve Request for Production of Documents and/or Requests for Admissions in one or more sets, no later than thirty-three (33) days before the discovery deadline, up to a maximum of twenty five (25) requests for admission and twenty five (25) document requests.

8

h.  Discovery Limitations:

   (1)  The parties agree that they shall be limited to a maximum of ten (10) depositions per side.

   (2)  Unless otherwise agreed, the length of depositions is governed by Fed.R.Civ.P. 30(d)(2).

   (3)  The parties do not propose modifications to the presumptive number of depositions but do agree to limit the number of interrogatories to twenty five (25) per side.

   (4)  Each side may serve up to twenty five (25) requests for production of documents, in one or more sets.

   (5)  There are no other Planning or Discovery Orders at this time.

## 9. SETTLEMENT

The parties hereby verify that they have in good faith discussed the possibilities of a settlement and such settlement discussions will be ongoing.

## 10. OTHER SCHEDULING ISSUES

a.  The parties agree that there are no discovery or scheduling issues on which they were unable to reach an agreement.

b.  Anticipated length of trial. The parties anticipate that the trial will last 5 days.

## 11. DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held on March 20, 2008 at 3:30 o'clock p.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

   ( )  *Pro se* parties and attorneys only need be present.

   (X)  *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel.

If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X)   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before March 13, 2008 outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.   Status conferences will be held in this case at the following dates and times:

_____
_____
_____

c.   A final pretrial conference will be held in this case on January 12, 2009 at 9:30 o'clock a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon agreement of the parties or a showing of good cause

DATED this 20th day of February, 2008.

BY THE COURT:

  S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Jeremy A. Sitcoff | s/ Jennifer M. Palmer |
| Bradley A. Levin<br>Jeremy A. Sitcoff<br>Roberts Levin Rosenberg PC<br>1660 Wynkoop St., Suite 800<br>Denver, CO 80202<br>(303) 575-9390<br>Attorneys for Plaintiffs | Jennifer M. Palmer<br>Senter Goldfarb & Rice, L.L.C.<br>1700 Broadway, Suite 1700<br>Denver, CO 80290<br>Phone: (303) 320-0509<br>Attorney for Defendants |